**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**IN THE MATTER OF THE ESTATE OF**                    **NO. 3:18-CV-266-DMB-JMV**
**SYLVIA GORDON, DECEASED**

**ROSS B. LEIDY**                                                                      **PETITIONER**

## ORDER

This case removed from the Chancery Court of Tate County, Mississippi, is before the

Court for a review of subject matter jurisdiction.

**I**
**Procedural History**

On May 26, 2017, Ross B. Leidy filed in the Chancery Court of Tate County, Mississippi,

a "Petition for Probate of Will and Letters Testamentary" regarding decedent Sylvia Jean Gordon.

Doc. #6-1 at 5. On October 25, 2018, Leidy, acting as executor of Gordon's estate, filed in the

probate action a "Complaint for Declaratory Judgment, to Compel Payment of Assets to the Estate,

and Alternatively, for Damages." Doc. #1-1. The complaint—which listed as defendants

OppenheimerFunds, Inc. ("OFI"); American Equity Investment Life Insurance Company ("AEI");

Madison Avenue Securities, LLC; Dennis Alan Cirbo d/b/a Cirbo & Associates Financial Services;

and certain fictitious defendants—seeks, among other things, a declaratory judgment that certain

investment accounts under the control of the defendants are the property of the Gordon Estate, and

the creation of a constructive trust or equitable lien on the funds. *Id*. at 4–5.

On December 5, 2018, OFI filed in the United States District Court for the Northern District

of Mississippi a notice of removal bearing the style of the declaratory judgment complaint.[1]  Doc.

---

[1] For the reasons discussed below, the Court finds the style of this case as set forth in the removal notice to be incorrect. The Clerk of the Court will be directed to correct the docket in this case to conform to the style of this order.

#1.  The notice of removal is based on an allegation of diversity jurisdiction.  *Id*. at 2–3.  One week later, OFI and AEI filed answers to the complaint and interpleader counterclaims regarding the funds at issue.  Doc. #7; Doc. #10.

On January 9, 2019, OFI moved to join the Estate of Kelly K. Carter, Deceased, as an indispensable party and counter-defendant to both Leidy's action and the related interpleader claim.  Doc. #16.  In support of its motion, OFI represents that Carter was a "transfer-on-death" beneficiary of the relevant accounts, that Carter died, and that the relevant funds "appear to have become the property of Carter's estate."  Doc. #17 at 1.  Two days later, following a telephonic conference regarding the applicability of the probate exception to federal jurisdiction, United States Magistrate Judge Jane M. Virden stayed this case pending a determination of this Court's jurisdiction.  Doc. #19.

On February 4, 2019, Leidy filed a brief arguing this case should be remanded because this Court lacks subject matter jurisdiction due to the probate exception.  Doc. #21 at 3–8.  The same day, the defendants filed a motion to sever the probate matter from Leidy's claims against them. Doc. #24.  The defendants argue that the probate exception does not apply in this case.  *See* Doc. #25 at 3; Doc. #26 at 1.  Leidy responded in opposition to the motion to sever on February 12, 2019.  Doc. #27.  The defendants replied on February 19, 2019.  Doc. #29.

## II
## <u>Analysis</u>

Under what is known as the probate exception to federal jurisdiction, "a federal court has no jurisdiction to probate a will or administer an estate."  *Curtis v. Brunsting*, 704 F.3d 406, 408 (5th Cir. 2013) (quotation marks omitted).  However, "the probate exception only bars a federal district court from (1) probating or annulling a will or (2) seeking to reach a *res* in custody of a state court by endeavoring to dispose of such property."  *Id*. at 409 (quotation marks omitted).  An

action runs afoul of the second prong if "the property in dispute is estate property within the custody of the probate court" and if the "claims would … require the federal court to assume *in rem* jurisdiction over that property." *Id.* The party asserting federal jurisdiction—here, OFI—has the burden of establishing the inapplicability of the probate exception. *See Ashford v. Aeroframe Servs., L.L.C.*, 907 F.3d 385, 395 (5th Cir. 2018) ("A removing defendant bears the burden of establishing removal jurisdiction."); *Leskinen v. Halsey*, No. CV 12-623, 2013 WL 802915, at *7 (E.D.N.Y. Jan. 28, 2013) ("[P]laintiff bears the burden of proving, by a preponderance of the evidence, that the probate exception does not apply to this action.").

As an initial matter, with certain exceptions not applicable here,[2] "removal under the general removal statute, 28 U.S.C. § 1441, and other similar statutes, removes the action," not specific claims. *Dillon v. State of Miss. Military Dep't*, 23 F.3d 915, 918 (5th Cir. 1994). Thus, the removal statute does not contemplate "piecemeal removal where diversity of citizenship is the basis." *Mason v. Medio Pictures Partners*, No. 2:18-cv-5620, 2018 WL 4092039, at *4 (C.D. Cal. Aug. 27, 2018); *see Levert-St. John, Inc. v. Hartford Steam Boiler Inspection & Ins. Co.*, No. CivA 06-1023, 2006 WL 1875494, at *2 (W.D. La. July 3, 2006) ("[P]artial removal is contrary to both the law and the theory of removal."); *J.C. ex rel. Cook v. Pfizer, Inc.*, No. 3:13-cv-33048, 2014 WL 495455, at *5 (S.D.W.V. Feb. 5, 2014) ("[P]artial removal of a consolidated state civil action is improper."). Accordingly, OFI's notice of removal removed not only the declaratory judgment complaint but the probate action in its entirety.[3]

There can be no serious dispute that a probate action in its entirety falls squarely within the probate exception's ambit. Accordingly, this Court lacks jurisdiction over this removed action.

---

[2] *See* 28 U.S.C. § 1441(c).

[3] The defendants seem to concede this point. *See* Doc. #25 at 2 ("OFI's removal of this action … arguably resulted in the entire probate proceeding be removed as well ….").

3

However, the defendants, invoking Federal Rule of Civil Procedure 21, argue in their memorandum in support of their motion to sever that "[b]ecause there is diversity of citizenship jurisdiction and the probate exception does not apply, the probate matter should be severed from the Plaintiff's claims asserted in the Complaint against the Defendants and remanded to state court." Doc. #25 at 3.

Rule 21 provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Generally, a court considering severance under Rule 21 should consider five factors: "(1) whether the claim arose out of the same transaction or occurrence; (2) whether the claims present common questions of law or fact; (3) whether settlement or judicial economy would be promoted; (4) whether prejudice would be averted by severance; and, (5) whether different witnesses and documentary proof are required for separate claims." *E. Cornell Malone Corp. v. Sisters of the Holy Family, St. Mary's Acad. of the Holy Family*, 922 F. Supp. 2d 550, 561 (E.D. La. 2013). However, "[f]ederal courts have frowned on using the Rule 21 severance vehicle to conjure removal jurisdiction that would otherwise be absent." *Brown v. Endo Pharms., Inc.*, 38 F. Supp. 3d 1312, 1326 (S.D. Ala. 2014) (collecting cases). "The better approach is to have such severance arguments addressed to, and adjudicated by, the state court." *Hampton v. Insys Therapeutics, Inc.*, 319 F. Supp. 3d 1204, 1214 (D. Nev. 2018) (collecting cases).

The Court agrees with these authorities and declines to exercise its discretion to sever the declaratory judgment complaint. Severance will be denied and this probate action remanded.[4]

---

[4] In their reply to the motion to sever, the defendants argue that remand would establish a rule "allowing a plaintiff with a connection to a decedent's estate … to make an end run around a defendant's right of removal …." Doc. #29

### III
### Conclusion

For the reasons above:  (1) the Clerk of the Court is **DIRECTED** to modify the docket in this case to conform to the style of this order; (2) the defendants' motion to sever [24] is **DENIED**; and (3) this case is **REMANDED** to the Chancery Court of Tate County, Mississippi.

**SO ORDERED**, this 25th day of July, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

at 2.  This Court disagrees.  A defendant remains free to seek in state court severance of a declaratory judgment action from an underlying probate case and, if successful, to then seek removal.